In *Gulley* v. *Macy,* from Wake:

RUFFIN, J. This cause has hitherto been twice before this court, once as reported in 81 N. C., 356, and again in 84 N. C., 434.

46

On the latter occasion, a new trial was granted to the parties, provided they saw fit to avail themselves of it, but upon a supposition that they might decline, we declared our understanding of their rights upon the facts, as they then appeared to us from the verdict of the jury and the admissions of the parties.

We held that the plaintiff, Mibra Gulley, was entitled to be subrogated to the rights of the defendant, Thompson, whose mortgage debt she had paid, and to have with interest the value of her money paid to him, subject, however, to the claims of the creditors of her former husband, Thomas C. Nichols, as to whom the mortgage was void, because of its non-registration; that the defendant, Allen, was entitled to be reimbursed the amount he paid for the land to the defendant Macy, as administrator of said Nichols, as the same was used in the due administration of the estate and the payment of debts, and that he was also entitled to have the present values of such permanent improvements as he had put upon the land, provided they did not exceed the amount with which he was chargeable for rents and profits during its occupation.

This opinion proceeded upon the idea, that the sale of the land attempted to be made by the administrator was void, because of the irregularities existing in the proceedings, under which the license to sell was obtained—such as the failure to serve process upon the husband of the then defendant, Mibra, and the premature appointment of a guardian *ad litem* of the infant defendants, his acceptance of service of process, and his permitting his answer to be prepared under the direction of the administrator.

When the cause was again called in the court below, the parties both declined another trial of the facts by a jury, but the defendants insisted that the sale of the land by the administrator was made good, notwithstanding the irregularities therein, by virtue of the act of 1879, ch. 257, as

amended by the act of the special session of 1880, ch. 23, which acts, in substance, provide that in all civil actions and special proceedings, determined in any courts of the state, wherein any or all of the defendants were infants, idiots, or lunatics, the judgments rendered shall be effectual and binding upon such infants, &c., and their estates, not-withstanding there may have been no personal service of the summons or complaint upon them.

His Honor however gave judgment in conformity with the opinion theretofore expressed by this court, and the defendants appealed.

It is not deemed necessary, for a just decision of this cause, that we should determine the question raised at the bar and discussed with so much ingenuity and learning, as to the constitutionality of the curative statutes relied upon by the defendants, and the power of the legislature to enact retroactive laws. These are questions much too grave to be passed upon needlessly in any contingency, and we are especially willing to forego their consideration in this instance, as there is some division in the minds of the members of the court, with reference to the efficacy to be given to those enactments, under the peculiar circumstances of this case.

It must be borne in mind, that neither the plaintiff Mibra nor her children, who together constitute the plaintiffs in the action, lay claim to the land as privies to the former owner, Nichols, whose administrator undertook to sell it, for the sake of getting assets in hand, under proceedings conducted with so much irregularity. They claim as purchasers for value under a mortgage executed by the intestate to Thompson, which failed of being the first and highest lien upon the land, not because of any taint of fraud that attached to it, but solely because of its being absolute on its face, while intended as a security, and was not and could not be registered. Their purchase was made with money

*advanced* by Daniel White, who was father of the plaintiff, Mibra, and grand father of the other plaintiffs, and his gift was accompanied with express instructions that it should be employed in the redemption of the land from Thompson, and that when redeemed it should be for her use during her life with remainder to the infant plaintiffs; and in subrogating her to the rights of the mortgagee, Thompson, and declaring her to be entitled to receive the value of her money and interest, it was of course contemplated that when received, it should be held upon the terms originally imposed by the grantor.

As has been said, the sale by the administrator was adjudged to be inoperative, on account of irregularities committed with reference to both the mother and the infant children. There is no statute that professes to cure those irregularities, so far as she is concerned, and the sale as to her is still inoperative and void. Under such circumstances as these, we cannot impute to the legislature an intention to confirm, and give effect to, as against infant defendants, proceedings conducted with such irregularity and indifference to the rights of parties, as to render them void as against an adult defendant embraced in the same action, and having identically the same interest.

The sole object of the statute is to prevent a failure in the proceedings of the courts, and to give security to titles derived from them; and if for any reason this object should be disappointed, and the proceedings as against any party be vacated, so as no longer to support the title of a purchaser under them, there can be no good reason why infants as well as others, should not be remitted to their original rights.

Feeling assured that the statute was not intended to apply to a case like the present, and there being no other point made, we are of opinion that there was no error in the judgment of the court below, and the judgment of this

.court is rendered in conformity therewith, except that the clerk of this court is directed to take the accounts there ordered to be taken, and to make his report here, and the .cause is retained here for further directions.

PER CURIAM.                    Judgment accordingly.