MIBRA GULLEY and others v. E. O. MACY, Administrator, and others.

*Reference and Referee—Costs.*

1. The court will not set aside a report and order a rereference upon the ground of informality, where the report furnishes the information required.
2. In a case like this, the court is vested with discretion in the matter of allowing costs, under THE CODE, §527 : each party is ordered to pay his own, and each to pay one-half of the allowance to the referee.

CIVIL ACTION heard upon exceptions to a referee's report at October Term, 1883, of THE SUPREME COURT.

This cause was first tried at fall term, 1878, of WAKE superior court, its purpose being to set aside certain proceedings in the probate court, in which the defendant administrator had obtained a license to sell the real estate of his intestate for assets to pay debts. See 81 N. C., 356.

The judgment being reversed upon appeal, it was tried again at spring term, 1880, of said court, and, upon appeal, a *venire de novo* awarded. See 84 N. C., 434.

And it was again brought to this court by an appeal from the judgment rendered at fall term, 1881, of said court, and the clerk here was ordered to state the account and report, and the cause was retained for further directions. See 86 N. C., 721.

Upon the coming in of the report, exceptions were filed by the defendants and the case was argued by

*Messrs. Argo & Wilder* and *A. M. Lewis & Son,* for plaintiffs.
*Messrs. Battle & Mordecai, D. G. Fowle* and *G. H Snow,* for defendants.

MERRIMON, J. We think that the report of the clerk of this court substantially and sufficiently complies with the order of reference entered at February term, 1882. His findings of facts

are not so formal and orderly as they might have been made; but they supply the information required by the court.

The court will not set aside a report and order a rereference when that made, however informal, furnishes the information required.

The clerk finds the sum of money paid by the defendant Allen on account of the land purchased by him; the condition of the land in January, 1872, when said Allen took possession of and began to cultivate it; he makes an allowance of one year's rents for the improvements said Allen placed upon the land, and fixes the yearly rental thereof at one hundred dollars; and states the account upon the basis of his findings.

He does not find what sum of money the plaintiff Mibra Gulley paid on account of the land, as the order of reference required him to do; but she does not except to the report, and we must take it that she is satisfied.

Only the defendant Allen excepts to the report. He files sundry exceptions thereto.

After a patient examination of the voluminous testimony reported, and due consideration of the whole matter embraced by the exceptions, we think that no one of them should be sustained, except the third one. As to that, we are of opinion that the allowance for improvements, whether they were strictly such as are termed permanent improvements or not, is not sufficient. The clerk allowed in the report only the rents for the year 1873. To that must be added the rents for the years 1874 and 1875.

In all other respects, the report must be confirmed. The clerk will correct the account stated by him so as to make it conform to this opinion; and that done, a decree will be entered in accordance with the former and present opinions of this court in this case, declaring and settling the rights of the parties. It is so ordered.

SMITH, C. J. This action, as disclosed in the complaint, was instituted upon an allegation of an equitable estate acquired by

purchase made by the plaintiff Mibra for herself for life and the other plaintiffs, her children, in remainder, and to annul the proceedings prosecuted by the defendant Macy as administrator of the intestate, Thomas C. Nichols, for the sale of his lands, under which the defendant Allen bought and received a deed therefor.

The proceedings have been, for irregularities and other causes, adjudged void, and it was declared that while the equitable estate in the land conveyed to the defendant Thompson with a parol proviso for redemption, vested in the intestate, it was chargeable with the purchase money paid by said Allen and used in the payment of the intestate's debts by the administrator, to the rights of which creditors so paid he is entitled to be subrogated, and also with the value of the money advanced by said Mibra in redemption of said land.

The result is that the equitable estate in fee was vested in the intestate, and liable to be sold and converted into assets for the payment of his debts; and is now moreover incumbered with the moneys advanced by the plaintiff Mibra for herself and children, and also those paid by the defendant Allen and used in a due course of administration. There has, then, been no recovery of the land by the plaintiffs, within the meaning of section 276 of the Code of Civil Procedure, but the case falls within the scope of section 278, wherein costs may be allowed or not, at the discretion of the court.

We deem this a proper case to refuse costs to either party and leave each to pay his own, and each one-half of the allowance to the referee.

PER CURIAM.                    Judgment accordingly.