JAMES W. GRANT, Adm'r, v. R. O. EDWARDS, Ex'r.

*Reference—Interest—Commissions—Legacy, when it takes effect.*

1. The court will not set aside a report and order a re-reference on the ground that the referee has failed to pass on certain matters involved in the account, when the report furnishes *data* from which the account can be stated.

2. An administrator cannot be charged with interest at eight per cent., because he is indebted to the estate, and has realized that rate on money of his own.

3. Where an executor attempts to pay his individual debts out of the assets of his testator, he commits a *devastavit*, and his creditor who knowingly accepts such payment is liable to account to the estate therefor, but, in such account, he is entitled to credit for the amount of the executor's interest in the estate.

4. Under the circumstances of this case an allowance of five per cent. commissions to the administrator is not excessive.

5. Where a testator devised two-thirds of his entire estate to a party for life, it means two-thirds of his net estate, and it takes effect, in the absence of any express provisions to the contrary in the will, immediately after the time when the law requires the executor to distribute the estate, unless the estate should be sooner settled.

(*Gulley* v. *Macy*, 89 N. C., 343; *Grant* v. *Bell*, 87 N. C., 34, cited and approved).

CIVIL ACTION, tried at Spring Term, 1880, of NORTHAMPTON Superior Court, before *Gudger, Judge.*

This case is reported in 87 N. C., 34, and also in 90 N. C., 558, and in pursuance of an order of reference therein made, the referee submitted his report to this court, and the cause was heard upon exceptions thereto.

The findings and rulings of the referee, material to explain the opinion, are as follows:

That on the compromise judgment of $12,077.34, on November 25th, 1868, J. J. Bell paid to B. F. Lockhart in money the sum of $4,489.16, and the remainder he paid in B. F. Lockhart's individual bonds.

That during the life-time of said B. F. Lockhart and prior to November 25th, 1868, he paid indebtedness of W. T. Bell's estate, amounting to $1,541.10, and immediately after said date he paid debts of said estate, amounting to $981.16. The aggre-

gate of debts due by said estate, on November 25th, 1868, was $4,113.60. To this was added five per cent. commissions allowed on $7,588.18, the amount of the judgment left unpaid and which will have to be collected by the present administrator, and also five per cent. commissions on $1,115.60, the unpaid indebtedness of the estate.

That B. F. Lockhart's interest in the estate was a life-estate in two-thirds of the net surplus of the estate, and that said Lockhart died on the 7th of February, 1877.

That charging the defendant with six per cent. interest, the value of Lockhart's life-estate is $2,305.17, and if he is charged with eight per cent, the life-estate would be worth $3,073.56.

Reference is also made to the report of this case in the 87th volume at page 34, where the facts fully appear.

*Messrs. R. B. Peebles* and *Thos. N. Hill*, for the plaintiff.
*Messrs. Mullen & Moore* and *Day & Zollicoffer*, for defendant.

MERRIMON, J. It was suggested on the argument, and it appears, that the account is not fully stated in the report of the referee filed at the present term, as directed by the order of reference, entered in this case at the February Term, 1884, of this court. The referee omitted to ascertain the interest upon two-thirds of the net value of the estate of the testator of the plaintiff, from the date of his death until the death of B. F. Lockhart, and state the account, giving the defendant credit for that sum of money.

This seems to have been an over-sight, and is not, necessarily, ground for setting the report aside altogether, more particularly, as it furnishes data for so stating the account. The proper correction can be promptly made by the clerk of this court. The report, therefore, need not be set aside. *Gulley* v. *Macy*, 89 N. C., 343.

Both the plaintiff and the defendant have filed exceptions to the report.

These we will dispose of in their order:

1. The plaintiff contended that it sufficiently appeared, that the testator of the defendant had and used the money belonging to the estate of his testator, and realized upon it a profit equal at least to eight *per centum per annum*, and, therefore, interest at that rate should be allowed upon the unpaid balance of the judgment in question. The referee refused to allow that rate of interest, and this is the ground of the first exception of the plaintiff.

This exception cannot be sustained. The testator of the defendant did not have and use the money of the plaintiff's testator, as he insists. This court held, in *Grant* v. *Bell*, 87 N. C., 34, that the testator of the defendant failed to pay so much of the judgment against him for $12,077.34, entered on the 25th of November, 1868, in favor of F. F. Lockhart, executor, as he undertook to discharge with the note and other indebtedness of the executor to him. That part of the judgment has never been paid ; the defendant's testator owed it in his life-time, just as if he had never pretended to pay it. There is no more reason why the plaintiff should share in the profits that he realized upon his money invested, than that any other person, to whom he might owe a debt he had not paid, should do so. The misapprehension grows out of the supposition that the executor, Lockhart, paid his own personal debt due to the testator of the defendant, with the assets of his testator. This he did not do. The arrangement by which he sought to pay his own debt, was treated as fraudulent and void—as a nullity.

2. Nor can the plaintiff's second exception be sustained. The referee properly allowed the defendant credit for B. F. Lockhart's interest in the estate of the plaintiff's testator, whatever that might be.

This court expressly decided in *Grant* v. *Bell, supra,* that the defendant's testator was entitled to be credited with the whole of that interest when ascertained, and that decision remains undisturbed.

The defendant's counsel in this court, properly abandoned so

much of his first exception as referred to the allowance of compensation to counsel.

We think the allowance of commissions to the plaintiff was, under the circumstances, not unreasonable, and this exception in that respect must be overruled.

It turns out that the defendant's fourth exception is in respect to a matter immaterial, and it must therefore be disregarded.

His second and third exceptions must be sustained, except so much of the latter as suggests the sum of money for which the plaintiff ought to have judgment; in this respect it must be over-ruled.

The statement of the account by the referee is not made, in several respects, in accordance with the order directing the reference. The referee fails to indicate the considerations that led him to ascertain the net value of the estate of the testator of the plaintiff on the 25th day of November, 1868, as he should have done. Especially, he has failed to ascertain and report an account of the value of the life-estate of B. F. Lockhart in two-thirds of the net estate of the testator of the plaintiff, treating it as beginning immediately after the death of the testator, and ending on the 7th day of February, 1877, the date of Lockhart's death. It is important to have the account stated in this view, with some modification. The report supplies data necessary for that purpose.

The will of the testator of the plaintiff, among other things, provides as follows:

"Thirdly, I devise and bequeath two-thirds of all my estate of every description, whether in possession or in action, to my uncle Benjamin F. Lockhart during the term of his natural life," &c.

This plainly implies, that the testator intended that his uncle named should have a life-estate in two-thirds of his net estate. This could not be known or ascertained immediately after his death. In the order of things, the estate had to be settled, and reasonable time was required for that purpose. In the absence of any express provision in the will as to the time when the life-

estate should begin, the law implies that it should begin immediately after the time within which the executor is required by the statute to distribute the estate, unless it should be sooner settled.

This the statute (*The Code*, §1488) requires to be done at the end of two years next after the qualification of the executor or administrator. It is reasonable to conclude that the testator, there being no express provision in that respect in the will, intended that his bounty should be enjoyed by his uncle within a reasonable period after his death, having regard to the time required to settle his estate. The nature of the bequest implied that the net of the estate should be ascertained. As this was not done sooner, two years next after the qualification of the executor was a reasonable time in which to do so. It is fair to presume that the testator intended the life-estate should then begin, and we hold that it did.

The referee reports that he ascertained the value of the life-estate of Lockhart from the 25th day of November, 1868, to the 7th day of February, 1877. It is obvious that he did not ascertain its true value.

It must therefore be referred to the Clerk of this Court to restate the account heretofore ordered to be taken, and especially to ascertain the value of the life-estate of Benjamin F. Lockhart in two-thirds of the net of the estate of the testator of the plaintiff, treating such life-estate as having begun two years next after the qualification of his executor, and ended on the 7th day of February, 1877. The clerk will use the *data* contained in the report filed, and make his report during the present term.

*It is so ordered.*