Tatxor, Chief-Justice,
delivered the opinion of the Court:
Whether the Complainant had a legal title to the land for which he was sued, it is unnecessary to decide; because he was unable to establish It upon ifie trial at Law, in consequence of the destruction of the deed, which was *92 effected by the fraudulent combination of Sykes and Isles-That ghes this Court jurisdiction, and his remedy is properly sought here. 'With respect to the. other thirty stores, Sykes was the equitable owner, and might, for a valuable consideration, assign his equitable title to Price, who, purchasing bona fule, could compel Isles to convey to him the legal title.
When, therefore, Price became the purchaser at the Sheriff's sale, at the request of Sykes, and after his declaration that the. latid belonged to him, he stood upon the ground of an assignee, and is well entitled to a deed.
■With respect to the costs: they ought to be paid by the Defendants, since they prosecuted an unjust claim at Law, and have set up an inequitable defence in this Court. In such case, the infancy of the Defendants forms no excuse.
The Court-consisted of the Chief-Justice, Haul and Murphey : and the decree was, that the Defendants, who were of full age, should immediately execute a conveyance to Complainant for the whole tract of sixty acres, with covenants of title as against themselves and those claiming under them; that the infant Defendants should, within one year after full age, execute similar conveyances respectively ; that Complainant should forthwith be let into possession, and be quieted (herein, and an account of rents and profits was ordered ; and that Defendants should pay all costs at Law and in Equity. Reserving to the infants, six months after full age and service of the decree, to shew cause against it.