CALVIN VESTAL v. W. J. SLOAN and wife.

*Practice—Reference—Evidence—Costs.*

1. A party who excepts to the failure of a referee to report evidence must show affirmatively that evidence was rejected or not reported, which might have varied the result.

2. One who successfully maintains an equitable defence against the recovery of land on the bare legal title, is entitled to judgment for his costs.

3. This rule is not varied by chapter 139 of the acts of 1870–71, which was merely intended to prescribe a schedule of fees, and not to determine which of the litigants should pay them.

(*Schehan* v. *Malone*, 71 N. C., 440; *Costin* v. *Baxter*, 7 Ired., 111; *Wooley* v. *Robinson*, 7 Jones, 30; *Pierce* v. *Sykes*, 1 Hawks, 87, cited and approved.)

CIVIL ACTION to recover land, tried upon exceptions to a referee's report, at Spring Term, 1880, of CHATHAM Superior Court, before *Seymour, J.*

See same case, 76 N. C., 127. Judgment for the plaintiff, appeal by defendants.

*Mr. John Manning,* for plaintiff.
*Messrs. Batchelor & Edwards* and *J. H. Headen,* for defendants.

SMITH, C. J. This cause was before the court at January term, 1877, and the equity set up in the answer sustained. The present appeal brings up for review certain overruled exceptions to the report of the referee and so much of the final judgment as taxes the defendants with the costs of the action. The exceptions to the report, three in number, will first be considered :

I Exc. For that the referee, disregarding the finding of the jury, fails to charge the plaintiff with rent for his occupation and use of the Johnson land during the first year;

This objection rests upon a misconception of the action of the referee. The verdict fixes the annual rent at $40, but the referee finds that the plantation was in bad condition and needed repairs when the plaintiff entered possession, and that his expenditures for repairs and fencing are an equivalent for that year's rent.

II Exc. For that the referee assesses the annual rent at a smaller sum than that found by the jury: This is not true in fact, as to the succeeding years of the plaintiff's occupancy, the jury and the referee concurring in putting the value of the annual rent at $40.

III Exc. The evidence taken before the referee does not accompany his report: This would be a valid objection and the referee would be required to report the evidence if there were, as there are not, any exceptions to which it is applicable, or perhaps any adverse rulings made in the progress of the inquiry, the proper subject matter of exception, suggested, which the evidence would tend to elucidate or explain. But none such are specified, and for aught that appears, if produced it would be wholly immaterial. The exception therefore was properly overruled. *Schehan* v. *Malone & Co.,* 71 N. C., 440.

IV Exc. The last exception is to the judgment for costs; the only question presented and discussed in the briefs and in the oral argument for the defendants.

The object of the action instituted was the recovery of possession of the land and the establishment of the plaintiff's legal title in fee thereto. The defence set up was a trust attaching to the legal estate and a right to redeem upon payment of the residue of the debt with which the land was charged. Most of the costs were incurred in determining this controversy and the sum to be paid in redeeming, and in this the defendants prevail and they are allowed to redeem upon payment of what is due. The plaintiff has not recovered the real property claimed in the

action, so as to entitle him to recover his costs under C. C. P., § 276, while the defendants have sustained their counter-claim and equity, which is but a reversed action between the same parties in which relief is at once afforded instead of the defendant's being forced to seek it in a new suit before another tribunal.

The recovery of costs by one suitor against another depends upon statutory regulations and is given to the successful party. *Costin* v. *Baxter*, 7 Ired., 111; *Wooley* v. *Robinson*, 7 Jones, 30.

In *Pierce* v. *Sykes*, 1 Hawks, 87, the widow and heirs at law of Rhodon Isles (some of whom were infants) had sued for and recovered the land in an action at law the complainant having an equitable defence thereto only, to assert and maintain which he sought and obtained relief by a bill in equity. In this latter suit, TAYLOR, C. J., delivering the opinion, remarks: " With respect to costs they ought to be paid by the defendants (the plaintiffs in the other action) since they prosecuted an unjust claim at law and have set up an inequitable defence in this court." This is the present case except that both suits are here condensed into one, and all rights, legal and equitable, finally adjusted in that.

We have not overlooked chapter 139 of the acts of 1870–'71, section 16, of which repeals, among others specifically mentioned, Title 12 of the Code, in which are found sections 276 and 277, " and all laws or parts of laws in conflict with, or giving any other fees than those mentioned in this act." Unless these qualifying and restrictive words are extended to the laws previously enumerated, and the force of the repeal confined to such portions of them as are inconsistent with the new and substituted statute, those sections regulating the payment of costs in actions would be absolutely repealed. But this statute merely prescribes a schedule of fees in place of those before allowed, and does not undertake to regulate by which of the parties to a de-

termined suit they are to be paid. A reasonable interpretation of the law therefore would seem to require an exemption from its operation of those sections of the code, which prescribe when and by whom costs are recoverable in actions, and which in no manner conflict with its purpose or its provisions. This view of the intended force of the repealing section is confirmed by a subsequent enactment (acts 1874–'75, ch. 119) which in terms repeals sub-division 4 of section 276 of the code and substitutes a modified provision in its place, thereby admitting to be in force the section a portion of which is thus amended, and, in our opinion, those others constituting a regulation for the payment of costs by parties litigant, of which the section itself is a necessary part.

It must therefore be declared that there is error in the ruling as to costs and that they should be adjudged against the plaintiff who fails in his action. The judgment is reversed and this will be certified.

Error.                                              Reversed.