JAMES L. CURRIE v. N. D. J. CLARK and JOHN B. CLARK.

Costs—Lien—Sale—Execution and Judicial—Dormant Judgment—Equitable Relief—Jurisdiction.

In an action brought to recover possession of land, to which title was derived under execution sale, the defendant set up an equitable defence, and asked, as affirmative relief, that the sale be set aside upon the ground that the judgment upon which the execution was issued was dormant, and for irregularities in the sale, which relief was granted, but it was made to appear, from the contention of the parties, that the judgment, though dormant, was a lien upon the land : Held,

1. That the Court, having acquired jurisdiction of the equities arising between the parties, might proceed to enforce the lien of the judgment by judicial sale.

2. That the plaintiff, having failed in his original cause of action, was not entitled to recover costs.

CIVIL ACTION, heard upon exceptions to report by Gilmer, J., at December Term, 1886, of MOORE Superior Court.

This action was brought to recover possession of the land described in the complaint    The plaintiff's title to this land was derived from a sale thereof, under executions issued against the defendants, made on the 7th day of August, 1879, and the deed of the Sheriff therefor, executed on the next day.

The answer of the defendants denied the material allegations of the complaint, except that it admitted the possession of the land.   It alleged, as a defence, that the sale was brought about by and through the fraudulent practices of the plaintiff; that the executions under which such sale was made were irregular and void, having been issued upon judgments that were dormant, but which constituted valid liens, in their order, upon the land.

101—21

In the course of the action the sale mentioned was set aside, and the parties were, by order of the Court, "restored to the *status* they occupied previous thereto, and without prejudice to the plaintiffs remedies from the lapse of time." The Court further directed that a commissioner, for the purpose, sell the land, unless before a day specified, the defendants shall pay into Court the sum of $1,000, to be applied to the payment of the judgments mentioned, as the Court might thereafter direct.

Afterwards the Court directed that the Clerk should report in writing the judgments owned by the plaintiff, upon which executions had issued and were in the hands of the Sheriff at the date of the sale by him, at which plaintiff became purchaser, and sale set aside—giving dates of the judgments; dates of the various executions issued; amounts of principal and interest; and returns by Sheriff and costs— all itemized.

The Clerk accordingly made report, and the defendants filed exception thereto. Thereupon the Court found the facts, modified the report of the Clerk, overruled the exceptions of the defendants and entered judgment. The part of the case on appeal which it is material to report here, is as follows:

"Thereupon the Court finds the following facts:

First, as to the Lilly judgment:

On the 10th day of July, 1869, the defendants herein, under sections 325 and 326, C. C. P., (now sections 570 and 571 of *The Code*,) duly confessed judgment in this Court in favor of H. & E. J. Lilly for the sum of $200 upon two notes—one for $167.16, dated February 22d, 1861; the other for $114 31, dated April 19th, 1861. The judgment was duly docketed in this Court, and executions issued thereon from this Court, as found by the Clerk.

Said judgment, for value received, was duly assigned to James L. Currie on January 7th, 1879.

CURRIE *v.* CLARK.

An execution was issued thereon on April 10th, 1879, and that on May 30th, 1879, a restraining order was duly granted restraining proceedings under the said execution for twenty days. By agreement of the parties to said action before the expiration of twenty days, the restraining order was continued until the 27th day of June, 1879, and the Judge informed thereof. On the 27th day of June, 1879, the Judge continued the restraining order until the 1st day of July, 1879. That said execution was in the hands of the Sheriff on August 7th, 1879, when he sold the property described in the complaint.

Thereupon the Court overruled the first, second and third of defendants' exceptions relating to said judgment.

On the 30th day of September, 1870, judgment was rendered in the Superior Court of Moore County in favor of T. B. Tyson, Alexander Kelly and W. T. Jones, trading as Tyson, Kelly & Co., to the use of Alexander Kelly v. N. D. J. Clark, upon a debt contracted prior to the adoption of the Constitution, for the sum of $228.22, with interest on $165 from September 30th, 1870.

No execution issued thereon from November 7th, 1873, to March 15th, 1877.

The Court sustains the defendants' first exception relating to this judgment, in so far as it is insisted that the Clerk should not have found that an execution issued upon said judgment upon the 20th day of March, 1874, and overrules the exception in other respects.

The Court sustains the second exception, to the extent that the Court holds that the said judgment was dormant on the 7th day of August, 1879, the day of said Sheriff's sale, but overrules the said exception in so far as it claims that the defendant N. D. J. Clark should not be charged with anything on this judgment.

The Court holds, as a matter of law, that this judgment, on the day of sale, constituted a valid and subsisting lien

upon the property which was sold, and that the lien may be enforced in this proceeding.

Third, as to the E. L. Pemberton judgment:

The Court finds that, on the 10th day of June, 1872, E. L. Pemberton duly recovered, in a justice's court of Cumberland County, against the defendants, J. B. and N. D. J. Clark, a judgment for $137.20, with interest on $82.58, dated April 19th, 1861. The same was duly docketed in the Superior Court of Cumberland County on the 28th day of October, 1872, and in the Superior Court of Moore County on the 6th day of November, 1872.

Upon notice, motion and proof, leave to issue execution thereon was duly granted, and an execution duly issued thereon on September 16th, 1878, to the Sheriff of Moore County. Another execution thereon was duly issued on the 29th day of July, 1879, to the said Sheriff, and was in his hands on August 7th, 1879, the date of said sale.

The Court overrules the defendants' exceptions as to this judgment.

The Court confirms the report of the referee, as modified by the foregoing findings and rulings.

And the Court doth declare and adjudge, in accordance with said report and the foregoing findings, that the defendants, J. B. and N. D. J. Clark, are indebted to James L. Currie, upon the judgment of H. and E. J. Lilly against J. B. and N. D. J. Clark, in the sum of $408.51, including costs, with interest on $200 from August 20th, 1885; and upon the judgment of E. L. Pemberton against J. B. and N. D. J. Clark, the sum of $207.85, including costs, with interest on $82.58 from August 20th, 1885; and that N. D. J. Clark is indebted to James L. Currie, upon the judgment of Tyson, Kelly & Co. against N. D. J. Clark, in the sum of $384.90, including costs, with interest on $165 from August 20th, 1685—all of which judgments

were liens upon the lands, described in the complaint, on August 7th, 1879, the date of the Sheriff's sale, and had been duly assigned to the plaintiff.

By agreement of the parties, no interest is to be charged from April 12th, 1886, to December 12th, 1886, the date of the hearing of the said exceptions.

It is further adjudged that the plaintiff do also recover against the defendants the costs of the action, to be taxed by the Clerk.

And it appearing to the Court that the defendant N. D. J. Clark has paid into the Clerk's office of this Court, under a former order herein, the sum of $1,000, it is ordered that the Clerk shall pay over to the plaintiff the said sum, which shall thereupon be credited upon said judgments.

And it is further ordered, that the defendants have until July, 10th, 1887, to pay to the plaintiff the balance of said judgments, with interest, and the costs of this action, and if they, or either of them, shall fail to pay to the plaintiff the said balance of judgments, and the said costs of this action, on or before the said 10th of July, 1887, it is adjudged that the lands described in the complaint herein, or so much thereof as may be sufficient to raise the amount due to the plaintiff for balance, principal, interest and costs of the judgments aforesaid, and the costs of this action, be sold at public auction, at the court-house door, in Carthage, for cash, by or under the direction of D. A. McDonald, Clerk, who is hereby appointed commissioner for that purpose, after 30 days' advertisement of the time and place of such sale, posted at the court-house door, and four other public places in the county of Moore, and also published in some newspaper printed or circulated in said county.

That the plaintiff, or any other party to this action, may become purchaser on such sale; and that the commissioner make a report of such sale to this Court."

The defendants, having assigned error as follows, appealed to this Court : ·

"1. In respect to the judgment and execution in case of Tyson, Kelly & Co., to use of Alexander Kelly, against N. D. J. Clark.

The defendants except, because, while his Honor finds that the said judgment was dormant when the execution issued and came into the Sheriff's hands, and at the time of the Sheriff's sale, yet he adjudged that said execution was entitled to be paid out of the fund, whereas the defendants insist that the execution issued on this dormant judgment was irregular, and ought to have been set aside on objection made by the defendant therein, and was not entitled to share in the fund.

2. In respect to the omission of his Honor to respond to the application of the defendants, founded on proof, to free the land from the encumbrance improperly placed upon it by the conduct of the plaintiff in suing out an execution in the case of H and E. J. Lilly against N. J. D. Clark and J. B. Clark during the pendency of this action, to-wit: on 4th August, 1880, and causing it to be placed in the hands of the Sheriff of Moore, J. J. Wicker, and directing a sale of this said land to be made, and bid off by his attorney of record, J. A. Worthy, Esq., at the price of $50, and a deed made therefor to him, without even crediting the defendants with the $50; whereas, the defendants insist that his Honor, in his decree, should have set aside this sale, and ordered the Sheriff's deed to J. A. Worthy to be set aside, and the land cleared from the cloud caused by said sale.

3. Because his Honor adjudged the whole costs of this action against the defendants, including the costs of the trial of the issue of fraud, found by the jury in favor of the defendants and against the plaintiff."

CURRIE *v.* CLARK.

*Mr. John W. Hinsdale,* for the plaintiff.
*Mr. R. P. Buxton,* for the defendants.

MERRIMON, J., (after stating the case.)  The plaintiff
alleged in his complaint a cause of action at law, and the
defendants in their answer alleged a defence equitable in
its nature, and asked for equitable relief, as they might do
under the prevailing system of civil procedure, and such
relief was granted; but the Court went further, and required
the defendants to pay the plaintiff's judgments mentioned,
which constituted successive liens upon the land, or if they
failed to do so within a time specified, it directed that the
land be sold and the proceeds of the sale be applied to the
discharge of the judgments.   This Court so in effect directed
when this case was before it by former appeal.   *Currie* v.
*Clark,* 90 N. C., 355.   In that case it is said:   "The defence
here is in effect an impeachment in equity of the title ac-
quired by the plaintiff, and the relief cannot go beyond the
setting aside the sale and restoring the parties to the *status*
they occupied previous thereto, and without prejudice to
the plaintiff's remedies from the lapse of time since.   This
is the full measure of the defendants' equity, and it affects
the plaintiff only by depriving him of an estate which he
acquired by unlawful means under the form of legal process.
The sale must therefore be set aside and the land again exposed
to sale, the proceeds arising from which will be paid over,
according to the priorities of the several executions as they
existed on the day of the Sheriff's sale, which is thus put out
of the way."

The defendants by their answer brought the judgments
mentioned against them that belonged to the plaintiff, the exe-
cutions issued upon them, and the sale of the land mentioned
under them before the Court in this action, asking equitable
relief as to the executions alleged to have been irregularly
issued. The Court thus obtained jurisdiction of the judgments

and the executions complained of and the land, and could, in the exercise of its equitable authority, grant complete relief and do justice, not only to the defendants, but as well to the plaintiff, within the scope of the whole matter thus brought before it. It appeared that the judgments had become dormant, and that hence the executions issued upon them were irregular, and that they and the sale of the land under them ought to be set aside, but it likewise appeared in that connection, that the judgments having been duly docketed, notwithstanding their dormancy, constituted liens upon the land in favor of the plaintiff, and he was entitled to have the land sold to discharge them, if the defendant would not pay the money due upon them as they ought to do and have done. The Court having obtained jurisdiction of the whole matter, as indicated above, had authority to enforce the lien, and the orders and judgments to that end were appropriate and lawful. It is not true, as the defendants seem to suppose, that the liens of the judgments could be enforced only by the ordinary process of executions against the property of the judgment debtor—that is the usual way prescribed by statute; but when such liens come in question in an action, as in this case, where the equitable authority of the Court is invoked, it may direct sales of the land or other property as the ends of justice may require.

The second exception seems to have no application. It does not appear in the record that any motion or application was made to the Court to set aside the execution and sale complained of, or that the Court took any notice of, or made any decision in respect to them. Nothing appears but simply the affidavit and the execution; they do not appear to have any connection or application. The mere exception without application must go for nought. It should appear in the record that the Court made, or refused to make, some ruling, order or judgment to which it applies and has reference. Else this Court cannot see error. It would seem

that if the affidavit was true that the execution and sale should have been set aside, upon proper application, but we are not at liberty to decide that it ought or ought not to have been, because no ruling or decision of the Court in such respect is before us for review.

We think the third exception as to the costs in the Court below must be sustained. The plaintiff failed to recover the land, to recover which alone the action was brought. The defendants alleged, and established, an equitable defence, which rendered it expedient and just to administer certain equitable rights of the plaintiff, but the latter failed wholly to maintain the action as to the purpose for which it was brought. The case of *Vestal* v. *Sloan*, 83 N. C., 555, cited by the counsel for the defendants, is in point.

The judgment must be reversed as to costs, and in all other respects affirmed.

Affirmed, except as to costs.