SUSAN BRUNER et al. v. S. H. THREADGILL et al.

*Costs—Mortgagor and Mortgagee.*

Where a mortgagor brought an action against the mortgagee for foreclosure and an account of the balance due on the secured debt, and of the rents and profits received by the mortgagee while in possession, which the latter resisted, but it was ascertained that there was still a balance due the mortgagee, and a decree was made directing the land to be sold, if the said balance was not paid within a time prescribed; *Held*, 1. That the plaintiffs were entitled to recover their costs of the action. The Code, §525. 2. That if the plaintiffs failed to pay, and thereby made a sale necessary, the costs thereof should be deducted from the proceeds of sale.

This case was heard at Rockingham, Richmond county, on the 14th day of May, 1884, as of ANSON Superior Court, Spring Term, 1884, before *Philips, Judge,* upon a *motion* by the defendants to tax the plaintiffs with the costs of the action, and a counter motion by the plaintiffs for a decree of sale and adjudging the costs of the action against the defendants.

It appeared by the record and proceedings in the case, that upon the complaint and answer filed and the issues submitted to the jury, their findings, the decree of the Superior Court and the decision of the Supreme Court, there was a reference ordered to J. C. McLauchlin to take and state an account of the plaintiffs' indebtedness to the defendants on account of the notes secured by the mortgage, and of the rents, issues and profits of the land while in possession of the mortgagee and the defendants, and of the amount due the defendants after deducting all proper credits, including the rents, issues and profits, and payments made by the mortgagor or plaintiffs. The referee reported to the Fall Term, 1883, that after taking the accounts provided for by the decree, and after applying all just and proper credits and payments, to the indebtedness due by the mortgagor to the mortgagee on the notes secured by the mortgage, there is still due to the defendants by the plaintiffs on the said debt the sum of $320$\frac{26}{100}$. No exceptions were

filed to said report.   Upon the report, both parties consented to
a sale of the premises, unless the debt should be paid, as provided
in the decree made at the term.   The defendants moved to tax
the plaintiffs with the costs of the suit, and that the said costs be
paid out of the sum or proceeds realized from the sale of the.
premises.   The plaintiffs moved for a judgment against the de-
fendants for the costs.   His Honor being of the opinion that the
judgment decreeing a sale, and allowing the plaintiffs in that way
to redeem the property, was a judgment for the plaintiffs within
the meaning of the law, and that plaintiffs were the successful
parties in the suit, refused the motion of the defendants for a
judgment for costs against the plaintiffs, and directed a decree to
be entered, ordering a sale of the premises and adjudging costs
against the defendants, which was accordingly done.

From his Honor's refusal to tax costs against the plaintiffs, and
denial of the defendants' motion in that behalf made, and from
so much of the decree as taxed or adjudged the costs against the
defendants, the defendants appealed.

*Messrs. George V. Strong* and *E. C. Smith,* for the plaintiffs.
*Mr. P. D. Walker,* for the defendants.

SMITH, C. J.   The action was commenced against George W.
Willoughby, the mortgagee, by the issue of a summons on March
28, 1878, which was served on him in April thereafter, by the
plaintiffs, the widow and heirs at law of Jacob Bruner, the mort-
gagor, with the husbands of two of the married daughters.   Soon
after the service of the process, Willoughby died intestate, and
a summons issued against the defendants, who are his adminis-
trators, surviving wife, a married daughter and her husband.

They resisted the plaintiffs' claim, and in their answer set up
defences to the action, thus rendering the suit necessary to the
enforcement of the plaintiffs' rights as declared and established
at the trial.   In this way, and in taking the accounts of the rents
and profits, which the defendants' ancestor in his lifetime, and

themselves as maintaining the possession since, are chargeable with the costs which have been incurred in reduction of the mortgage debt. The costs, therefore, ought to fall upon the unsuccessful party to the controversy which springs out of the action, and so the statute adjudges. The Code, §525.

Of course the ruling as to the taxation of costs made when the decree of sale is entered, is understood to have reference to such as then had accrued, and upon the supposition that the debt is paid within the limited time therein.

Should the sale take place in consequence of the plaintiffs' default, it would seem reasonable that the costs of the sale should come out of proceeds of sale, and such we assume, will be the action of the Court when such exigency arises.

There is no error, and this will be certified to the Court below.

No error.                                                       Affirmed.