JOHN W. PARTON v. ELIZABETH BOYD et al.

*Costs—Discretion— When Reviewable—Equitable Action.*

In an action for specific performance it appeared that the defendant refused to account with plaintiff for certain credits agreed to be applied on the purchase of the land contracted to be sold and conveyed by the defendant; it also appeared that there was, after applying the credits, a balance due defendant. The Court below rendered judgment against plaintiff for the balance so due, but against defendant for all costs: *Held,* (1) that the action was equitable in its character and belonged to that class enumerated in §527 of *The Code;* (2) that it was within the discretion of the Court to award costs against the defendant, and this discretion was not reviewable.

This was a CIVIL ACTION, tried at Fall Term, 1889, of HAYWOOD Superior Court, before *Clark, J.*

The action was brought to compel the specific performance of an executory contract in writing in respect to the land specified in the complaint. The principal defendant had in her possession certain credits of the plaintiff that she agreed to collect and apply the money in discharge of the debt for the purchase money agreed to be paid by the plaintiff to her for the land. She collected the credits but failed to so apply the money. The plaintiff alleged the contract of sale of the land; that the defendant had so collected the credits mentioned; had failed to account with him for the same; that he had demanded an account to ascertain whether any balance of the purchase money remained unpaid; that he offered, on so accounting, to pay any such balance; that he demanded that the defendant, on the payment of any such balance, should make title to him for the land, and that the former refused to account, &c.

The defendant, in her answer, denied *seriatim* the allegations of the complaint, and alleged the indebtedness of the

plaintiff to her on sundry accounts, &c. There was a reference to take an account, which was taken and reported, and there was no exception thereto. Judgment was entered in accordance therewith, in favor of the plaintiff, as to title to the land, upon the payment of the ascertained balance of the purchase money; and judgment was entered against the plaintiff in favor of the defendant for that balance, and that sale of the land should be made, if need be, to pay the the balance. The Court gave judgment against the plaintiff for all the costs, and, as to this only, he excepted and appealed to the Court.

*Mr. Geo. H. Smathers*, for the plaintiff.
No counsel for the defendant.

MERRIMON, C. J. (after stating the case): The cause of action in this case is equitable in its nature, and the action is one in which the Court will administer the diverse rights of the parties coming within its scope, as they may appear, giving judgment in favor of the plaintiff in one or more respects, and in favor of the defendants in others, and allow costs in favor of one party or the other, or require the parties to share the same, in its discretion.

This action is not one of those classes of actions in which the plaintiff is entitled to costs, as of course, if he recovers, as allowed by the statute (*The Code*, §§ 525, 526), or in which the defendant is so entitled if the plaintiff fails to recover. Hence, it is one of those in which costs may be allowed, in the discretion of the Court, as allowed by the statute (*The Code*, § 527). The purpose of this provision is to give the Court authority, in cases like the present one, to allow costs, as the justice of the case may require. *Gulley* v. *Macy*, 89 N. C., 343.

The purpose of this action was not to recover real property, nor did a claim of title to such property arise upon the

pleadings, nor did the Court certify that such title came in question at the trial, nor did the action, in any aspect of it, come within the statute. (*The Code*, §525.) Its purpose was simply to compel the specific performance of an executory contract, and to adjust certain rights involved in an account of moneys collected and certain indebtedness incident to that contract. Clearly, the action comes within the statute (*The Code*, §527), and, therefore, the Court could allow costs therein, in its discretion.

The Court gave judgment against the plaintiff for costs, and the presumption is, nothing to the contrary appearing, that it did so in the exercise of its discretionary authority. Such exercise of authority is not reviewable here. The statute does not so provide. To so review it, would be to substitute the discretion of this Court for that of the Court below. If the Court gave such judgment upon the ground that it was bound in law to do so, and this appeared, then it would be reviewable—not otherwise.

Affirmed.