LUMBER CO. *v.* LUMBER CO.

HICKSON LUMBER COMPANY ET AL. v. GAY LUMBER
COMPANY ET AL.

(Filed 17 March, 1909.)

**Corporations—Insolvency—Mortgage Liens—Assets, Distribution
of—Costs.**

It is error to tax the costs against first-mortgage creditors who
have established the priority of their lien over the rights of gen-
eral creditors, in statutory proceedings to wind up the affairs
of an insolvent corporation and to distribute its assets. (Revisal,
secs. 1207-1226.)

ACTION tried before *Neal, J.,* on exception to report of re-
ceiver, at June Term, 1908, of LENOIR.

Appeal by Annie W. Pou, James H. Pou and the Commercial
and Farmers Bank.

*Womack & Pace* and *Aycock & Winston* for plaintiffs.
*Rountree & Carr* for the plaintiff, the Hickson Lumber Com-
pany.

BROWN, J.   In his final decree in this cause his Honor, *Judge
Neal,* in the exercise of his discretion, assessed these appellants
with a considerable part of the costs of this proceeding.   In
doing so, we think he was in error, for he was not vested with
any such discretionary power.

This is not an action brought under the general equity powers
of the court, assuming that there may be such an action, but it
is a statutory proceeding, brought to wind up the affairs of an
insolvent corporation and distribute its assets to those who are
entitled according to priority, and the payment of costs is gov-
erned by the statutes.

The appellants are first-mortgage creditors, the priority of
whose debts is established over the general creditors and over
plaintiff appellee's mortgage.   (See opinion in this case, this
term.)

Section 1207 of the Revisal prescribes, specifically: "After
the payment of all allowances, expenses and costs, and the satis-
faction of all special and general liens upon the funds of the
corporation to the extent of their lawful priority, the creditors

shall be paid proportionately to the amount of their respective debts," etc.   Again, section 1226 prescribes: "Before distribution of the assets of an insolvent corporation among the creditors or stockholders, the court shall allow a reasonable compensation to the receiver for his services and the costs and expenses of administration of his trust, and the costs of the proceedings in said court to be first paid out of said assets."   The effect of such legislation is to take from the funds of the insolvent corporation a sufficient sum to pay all the costs, allowances and legitimate expenses, and then to distribute what is left according to priority.

So much of the judgment of the Superior Court as taxes any part of the costs against the appellants is reversed, and the cause is remanded, with direction to tax the costs in accordance with this opinion.

Let the appellee, the Hickson Lumber Company, pay the costs of this appeal.

Reversed.