HICKSON LUMBER COMPANY ET AL. v. GAY LUMBER COMPANY.

(Filed 31 March, 1910.)

1. Corporations—Insolvency—Receivers—Fund—Costs—Lowest Lien.

 The effect of taxing court cost and compensation of the receiver of an insolvent corporation against the fund is to tax the whole sum against the holder of the lowest lien, and to pay prior liens in full if the fund be sufficient.

2. Same—Appeal and Error—Former Appeal—Parties Bound.

 When upon a former appeal from an order of the lower court prorating the cost among claimants to a fund in the hands of

the receiver of an insolvent corporation, the Supreme Court reversed the order and taxed the cost against the fund, the present appellant, who did not appeal from the order of the lower court, and who holds the least priority of lien, is bound by the decision in the former appeal, as therein he was virtually the appellee, the matter being between the litigants, and concerning them only.

APPEAL by plaintiffs from *Guion, J.,* at January (Special) Term, 1910, of SAMPSON.

The facts are stated in the opinion of the Court.

*N. J. Rouse* and *Rountree & Carr* for plaintiffs.
*E. M. Land, G. V. Cowper* and *Simmons, Ward & Allen* for receivers.

CLARK, C. J. At June Term, 1908, of Lenoir, *Neal, J.,* made an order in this cause apportioning the costs and the compensation of the receiver by prorating the amount among all the claimants to the fund. On appeal, this was held to be an error, and that these amounts should be taxed against the fund. *Lumber Co. v. Lumber Co.,* 150 N. C., 281. The effect is to tax the whole sum against the holder of the lowest lien, and to pay the prior liens in full.

The appellant, the Hickson Lumber Company, which holds the lien of least priority, contends that as it did not appeal, the amount of the judgment against it at the June Term, 1908, cannot be affected. But the very nature of the exception in the former appeal called in question the correctness of prorating the costs and other expenses of this litigation, and the present appellant was therefore virtually the appellee in that appeal. It was not necessary, nor proper, that the receiver and those entitled to the other costs in the case should have appealed. *Bank v. Bank,* 127 N. C., 435; *Straus v. Loan Assn.,* 118 N. C., 563. They had a prior lien on the fund, and how the payment of the remainder of the fund should be apportioned was a matter between the litigants, and concerned them only.

The court below has properly adjudged that the payment of the costs and receiver's fees should come out of the fund, *i. e.,* be paid out of the sum coming to the lienholders of the lowest priority, and that as there has been overpayment to them, the deficiency shall be collected out of the refunding bond given by the appellant.

Affirmed.