LEE HOOPER v. D. D. DAVIES AND WIFE.

. (Filed 30 May, 1914.)

**Equity — Contracts—Specific Performance—Trials—Evidence—Balance Due—Judgments.**

In an action for specific performance of a contract to convey land, the sufficiency of the writing being admitted, with evidence tending to show the full compliance on the part of the plaintiff, and to the contrary, that full amount of payment had not been made thereunder, a judgment of nonsuit is improperly allowed; and should on the new trial it be ascertained that defendant's contention is true in this case, the decree should direct a conveyance upon the payment by the plaintiff of the balance ascertained to be due.

APPEAL by plaintiff from *Ferguson, J.,* at October Term, 1913, of JACKSON.

Civil action to enforce specific performance of contract to convey lands.

On motion duly entered, there was judgment of nonsuit, and plaintiff excepted and appealed.

*Alley, Buchanan & Leatherwood and Moore & Moore for plaintiff.*

*Coleman C. Cowan for defendant.*

PER CURIAM. We were not favored with an argument for the appellee in the cause, but, on careful perusal of the record, we fail to find any facts justifying the judgment of nonsuit.

There was allegation, with evidence on part of plaintiff tending to show, that in November, 1910, he made a contract with defendant D. D. Davies to buy a tract of land from him of 78 acres at the price of $1,000, $500 of which was paid down and $250 was to be paid 1 January, 1911, and the remaining $250 as soon as the parties could have the land surveyed; that some time thereafter plaintiff paid $135 additional on the purchase price, and, late in August, 1911, although no survey had then been made, he paid the balance due, this last being made in a debt due plaintiff from Thomas A. Cox, the agent of defendant,

having full authority in the matter; that the contract was made for defendant by Thomas A. Cox and some of the payments were made to him, and there was evidence tending to show that Mr. Cox was fully authorized to make the contract and receive payments for and in behalf of Mr. Davies; that he was intrusted by him with the entire management of the deal and of Mr. Davies' land matters, generally.

There was no denial in the pleadings that there was a valid contract in question, at the price of $1,000, as alleged, but defendant, admitting that the contract to sell the land had been made, alleged, on his part, that only $635 had been paid thereon, and, in the answer, averred that defendant was ready and willing to carry out the contract and make the deed on the payment of the balance due, etc.

There was evidence permitting the inference that there was a balance still due from plaintiff, and that the last payment of $365 was made on a debt due from Thomas A. Cox, the agent, to plaintiff, and that such payment may not have been within the scope of the agent's authority, but there was testimony also tending to show that such a payment was authorized, and, whether plaintiff or defendant is right in his position, the facts present no case for a nonsuit.

If there was a valid contract to convey and payment of purchase price completed, as plaintiff avers, there should be decree for specific performance.

If there is a balance still due and unpaid, this amount should be ascertained and decree for conveyance made on the payment of the amount, and, under our decisions, the question of cost, about which the parties seem to differ, will be in the discretion of the court, according to the facts established. *Parton v. Boyd,* 104 N. C., 422.

There is error, and the judgment of nonsuit will be set aside.

Reversed.