J. MAVIN YATES v. LOUISA YATES.

(Filed 22 December, 1915.)

**1. Costs—Equity—Court's Discretion—Statutes.**

Under Revisal, secs. 1264 and 1266, allowing costs to the successful litigants, construed with section 1267, allowing the costs to be taxed in the discretion of the court unless otherwise provided by law, it is *Held,* that in actions under the old system peculiarly cognizable in courts of equity the costs shall be awarded in the discretion of the court under the provisions of Revisal, sec. 1267, unless within the class of actions specified in sections 1264 and 1266.

**2. Same—Mortgages—Foreclosure Sales—Injunctions.**

Where the main purpose of a suit is to restrain the sale of plaintiff's lands under mortgage, held and controlled by the defendant, and to have satisfaction of the mortgage entered of record, it is of an equitable nature; and where it has been judicially determined that the plaintiff owes a balance upon the mortgage debt, but time for redemption has been allowed, and provision made for the sale of the lands upon further default, etc., the taxing of the costs is within the reasonable discretion of the trial judge, and they are not recoverable by the defendant as a matter of right.    Revisal, sec. 1267.

APPEAL by plaintiff from *Shaw, J.,* at March Term, 1915, of RANDOLPH.

Civil action.    The nature of the case, the verdict, and the facts relevant to the exception presented will sufficiently appear in his Honor's judgment, which is as follows:

This cause coming on for trial at March Term, 1915, of Randolph Superior Court, Hon. T. J. Shaw, judge, presiding.

A jury having been chosen, sworn, and impaneled to try the issues submitted to them, who have answered the same in favor of the plaintiff, as follows:

What amount, if any, is the defendant Louisa Yates indebted to the plaintiff?    Answer: Yes; $210.

It is, therefore, on motion of plaintiff's counsel, ordered and adjudged that the plaintiff recover of the defendant Louisa Yates the sum of $210.

It is further ordered that the said sum of $210 is a credit upon said mortgage, executed by the plaintiff Mavin Yates to the defendant Louisa Yates on 6 December, 1911, which said mortgage was for the sum of $500, with interest from date. Said mortgage being recorded in Book 153, at page 15, in the office of the register of deeds for Randolph County on 26 October, 1912.

It is further ordered that the injunction and restraining order, restraining the ·defendants, their agents, servants, and substitutes, from selling said property described in the mortgage from the plaintiff to the defendant till the hearing, and recorded in Book K, 53, at page 15, in the office of the register of deeds for said county, be and the same is hereby dissolved.

It is further ordered that the plaintiff Mavin Yates have sixty days to pay the remainder of said mortgage and interest thereon from the adjournment of this court; that upon the failure of the said Mavin Yates to pay said balance of said mortgage and interest thereon within the sixty days as aforesaid, it is ordered that the lands described in the said mortgage be sold at the courthouse door in Randolph County according to the terms and conditions of said mortgage.

It is further ordered that B. F. Britton be and is hereby appointed commissioner to sell said lands if said mortgage with interest thereon is not paid off within the sixty days as aforesaid.

It is further ordered that said commissioner sell said land at the courthouse door in Randolph County and out of the money arising from said sale pay the balance of said mortgage, together with the interest thereon, and pay the costs of recording said mortgage and the advertisement and other costs of said sale, and if any remainder be on hand the same shall be paid to ·the plaintiff Mavin Yates; and said commissioner shall report his proceedings by virtue of his office to July Term, 1915, of Randolph Superior Court.

It is further ordered that the plaintiff Mavin Yates pay one-half of the court costs of this action and the defendant Louisa Yates pay one-half of said court costs.

It is further ordered that the plaintiff Mavin Yates pay his costs incurred in this action, and the defendant Louisa Yates pay her costs incurred in this action, to be taxed by the clerk.

THOMAS J. SHAW,
*Judge Presiding.*

Plaintiff excepted from the judgment taxing plaintiff with any part of costs.

*J. A. Spence and H. M. Robins for plaintiff.*
*Hammer & Kelly and Brittain & Brittain for defendant.*

HOKE, J. Our statute on the question of costs in civil cases, now chapter 22 of Revisal, secs. 1264, 1266, and 1267, formerly Code of '83, ch. 10, secs. 525, 526, and 527, among other things, provides, sec. 1264:

1. That costs shall be allowed as of course to plaintiff in the following cases: In actions to recover real property or a claim for title thereto arising on the pleadings or are certified to have been in question at the trial.

2. In actions to recover personal property.

3. In actions of which a court of a justice of the peace has no jurisdiction, unless otherwise provided by law.

Sections 4 and 5 contain provisions as to actions for assault and battery, etc., and as to certain actions on bonds, promissory notes, etc., when several parties are defendant. These subdivisions not being apposite to any question presented on this appeal.

Section 1266 is to the effect that costs shall be allowed as of course to defendants in actions mentioned in the section just quoted, unless plaintiff be entitled to costs therein.

And section 1267: That in other actions costs may be allowed or not, in the discretion of the court, unless otherwise provided by law.

The meaning of subdivision 3 of section 1264 of Revisal, when considered in connection with this last section, 1267, is not clear, nor has it ever been fully and satisfactorily interpreted; but in many well considered decisions of the Court it has been held to be the correct construction of these sections that, in actions which under the old system were peculiarly cognizable in courts of equity and unless coming in the class of actions specified in sections 1264 and 1266, in which plaintiff and defendant who succeed in the controversies were to recover costs as of course, that the costs could be awarded in the discretion of the court under the provisions of section 1267. This position was approved as late as 166 Reports, p. 20, in *Bond v. Cotton Mills,* a creditor's bill against the owner and contractor in putting up a cotton mill, in which the principal contractor had become insolvent, and in *Parton v. Boyd,* 104 N. C., 422, an action for specific performance.

In *Smith v. Smith,* 101 N. C., 461, an action to surcharge and falsify the accounts of administrators, and in *Gully v. Macy,* 89 N. C., 343, an action to set aside sale proceedings and decree of the probate court directing a sale of lands, etc. See, also, same case, 81 N. C., 356, for a statement of the nature of the action.

In *Parton v. Boyd, supra,* being an action for specific performance, *Merrimon, J.,* states the ruling as follows: "The cause of action in this case is equitable in its nature, and the action is one in which the court will administer the diverse rights of the parties coming within its scope, as they may appear, giving judgment in favor of the plaintiff in one or more respects, and in favor of the defendants in others, and allow costs

in favor of one party or the other, or require the parties to share the same, in its discretion.

This action is not one of those classes of actions in which the plaintiff is entitled to costs, as of course, if he recovers, as allowed by the statute (The Code, secs. 525, 526), or in which the defendant is so entitled if the plaintiff fails to recover. Hence, it is one of those in which costs may be allowed, in the discretion of the court, as allowed by the statute (The Code, sec. 527). The purpose of this provision is to give the court authority, in cases like the present one, to allow costs as the justice of the case may require. *Gully v. Macy,* 89 N. C., 343.

An examination of *Williams v. Hughes,* 139 N. C., 17, same case, 136 N. C., 58, to which we were referred, will disclose that the cause of action was one in which the title to real estate was involved, and the case comes clearly under the first subdivision of 1264, in which costs were to be allowed to the party who recovered as "of course"; and the same may be said of *Patterson v. Ramsay,* 136 N. C., 561. That was an action of ejectment, and was under the express requirement of subdivision 1, sec. 1264. In the case of *Lumber Co. v. Lumber Co.,* 150 N. C., 281, to which we were also cited as sustaining a different position, the Court was construing a special statute made to wind up the affairs of an insolvent corporation, and in delivering the opinion, *Brown, J.,* is careful to state: "It was not an action brought under the general equity powers of the Court, but a statutory proceeding for the specific purpose, and the payment of costs was governed by the statute."

The only case which we find in real contravention of the ruling of the lower court is that of *Bruner v. Threadgill,* 93 N. C., 225, in which, on an action brought by the mortgagor for an account and redemption of the mortgage, on a balance being found in favor of the mortgagee, a judgment in favor of the mortgagee for the balance and for costs was reversed as to the costs, the Court holding that the mortgagor, having established his principal position, was entitled to his costs as of course.

The principle of that case was directly ignored in a subsequent decision of the Court in *Cook v. Patterson,* 103 N. C., 127, and, in so far as it holds or tends to hold that the costs in a suit, under the general equitable powers of the court, are not in the court's discretion, the decision is not in line with the cases first cited, and is disapproved.

In the old equity procedure the costs of a cause were usually and to a very large extent in the discretion of the chancellor. *Piles v. Redrick,* 167 Pa. St., 296; *Carroll v. Tomlinson,* 192 Ill., 399. And the statute, except in the cases defined and specified, was intended in this respect to confirm the rule in the old equity procedure.

Applying the principle, we think the costs in the present case were clearly in the discretion of the trial court.

It is true that, on the issue of indebtedness submitted, there was verdict in favor of plaintiff and against the defendant for $210, but the form of the issue is not in this case at all determinative of the character of the action.

A perusal of the record will show that the suit was instituted principally to restrain a sale of plaintiff's land under a mortgage, held and controlled by defendant, and to have satisfaction of said mortgage entered of record. The complaint alleged in effect that, in 1909, he had bought a piece of land and taken a deed therefor from Louisa Yates for $170, and for this and certain moneys borrowed he owed said Louisa Yates $300, and had executed a mortgage on the land, and that, under an agreement between plaintiff and defendant, he was to care for and support his grantor, and to be paid therefor, no certain amount being named; that plaintiff had done this for five years and six months; that Louisa Yates was a large, fleshy woman, between 80 and 90 years of age, helpless a great deal of the time, and the amount due for his services was $630, and prayed judgment for $630.

2. That an account be taken and same credited on the mortgage and same cancelled, if "it should amount to that much."

3. That the defendant be enjoined from selling the premises.

Defendant answered, admitting the execution of the mortgage and the purpose to foreclose; denied that there was an agreement to pay the amount for care and support, and denied that plaintiff was entitled to have mortgage satisfied or to have any credits entered on same.

On these pleadings, while the only issue passed upon was that of indebtedness, this was no doubt because all the other determinative facts were admitted, and the controlling issue between these parties and the basic purpose of the action was to decide whether the mortgage was satisfied and whether defendants should be enjoined from selling the land thereunder, and, on these questions, a reference to the judgment will show that a balance is established in favor of defendants and a decree of sale has been entered. The facts present a good illustration of the fairness of the rule of construction, for, while it is urged for plaintiff that the issue tried was one of indebtedness, and the greater part of the costs were incurred on that issue, and plaintiff having prevailed, he should recover the entire costs, it may well be replied, on the part of defendant, that a question also involved was whether there was any balance due giving defendants the right to proceed with the sale, and they were compelled to summon witnesses on the issue to protect their rights under the mortgage, and in this they have succeeded. They have thus prevailed in the controlling features of the case. The questions of redeeming a mortgage and of injunctive relief were both of recognized equitable cognizance (*Owens v. Wright,* 161 N. C., 127; *Parton v. Boyd,*

104 N. C., 422), and under these and other authorities heretofore cited with approval the costs were clearly within his Honor's discretion, and we do not see that it has been improperly exercised.

The judgment below will be affirmed.

No error.