## ALFRED R. HARE v. FRANKLIN S. HARE.

(Filed 26 April, 1922.)

**Costs—Equity—Statutes—Appeal and Error.**

> The *locus in quo* was formerly owned by the father of the plaintiff and defendant, the former claiming an undivided half thereof under their parent's deed conveying the lands to each of the parties upon consideration of support, which the plaintiff alleges he has performed, and that the defendant has not, the latter claiming the entire tract from his parents under a prior deed. Upon a trial without error the jury found that each was entitled to an undivided half in the land, and the appeal being from taxing the defendant with costs, there being no element of an action in ejectment, *it is held,* error, neither party being permitted to recover costs from the other, C. S., 1243, especially, as in this case, the question being of an equitable nature, the taxing of costs is in the sound discretion of the court; and they are taxed equally against both parties.

APPEAL by both parties from *Lane, J.,* at December Term, 1921, of MOORE.

*H. F. Seawell for plaintiff.*
*U. L. Spence for defendant.*

CLARK, C. J.  This was an action between two brothers over the home place of their father, containing 48 acres, lying between a 50-acre tract on one side, which he had given to the plaintiff, and a 50-acre tract on

the other side, which he had given to the defendant. The plaintiff claimed through an alleged deed for this 48-acre tract from the parents to him; the defendant denied such deed was ever delivered to the plaintiff, and likwise alleged that the parents of the parties and the plaintiff and defendant had all joined in the execution of a deed or paper-writing of later date by the terms of which the plaintiff and the defendant were each to care for their parents during their natural lives, and after their death the plaintiff and the defendant should own the land as tenants in common, but if either son failed to contribute to the support of parents, as therein provided, and the other did, the son so contributing should have the whole of the land. The defendant alleged that he had fulfilled his part of the contract, and that the plaintiff had not, and hence the defendant should be declared the owner of the whole interest in the land.

Upon the issues duly submitted the jury found that:

1. The deed executed by K. H. Hare and his wife to the plaintiff for the 48 acres of land described in the complaint was never delivered to the plaintiff.

2. The defendant Franklin S. Hare contributed to the support of his father during his lifetime, as alleged in the answer.

3. The plaintiff Alfred R. Hare contributed to the support of his father during his lifetime, as alleged.

4. The plaintiff is the owner of one-half interest in the 48 acres described in the complaint.

The court entered a decree reciting that by virtue of the deed executed 27 July, 1904, between plaintiff and defendant and their father and mother, duly recorded, the plaintiff is owner in equity in a fee-simple undivided interest in the 48 acres of land described in the complaint; and that the defendant is the owner in equity and in fee simple of the other one-half undivided interest in the said tract of land, and entered a decree that each party should so hold a one-half undivided interest in the premises and the judgment should be a release on the part of each of any other interest in said 48 acres beyond the one-half undivided interest of each in pursuance of the verdict and the judgment of the court. In the verdict of the jury and the judgment of the court we find no error, except as to the costs, which were adjudged against the defendant.

The chief controversy seems to be in regard to the costs, which, as is not unusual, has become the chief concern in this litigation. This was not an action of ejectment, and the plaintiff did not recover on such claim, but his demand for judgment was that "the rights of plaintiff and defendant, with respect to said 48 acres of land, be declared by the court." The defendant set up a counterclaim that he be declared the sole owner of the whole tract of 48 acres. Neither party recovered any-

thing from the other under the verdict of the jury.   The judgment of the court being that each was entitled to an undivided half interest, the costs should be divided, C. S., 1243, especially as the action being in the nature of an equitable proceeding, the costs rest in the discretion of the court.   *Simmons v. Allison,* 119 N. C., 557.

In *Wooten v. Walters,* 110 N. C., 259, the Court held that where an action is not strictly for the recovery of real or personal property, costs will be allowed in the discretion of the court.

The action, in effect, has been in the nature of an equitable proceeding, and in such case the adjudication of the costs is in the discretion of the court.   *Parton v. Boyd,* 104 N. C., 422; *Yates v. Yates,* 170 N. C., 536. In *Gulley v. Macy,* 89 N. C., 345, it was held that there had been no recovery of land by plaintiffs, within the strict meaning of the statute, but that the judgment was of an equitable nature and the court was authorized to adjudge the costs one-half against each party.   There are numerous other decisions which can be cited in support of a similar ruling as to costs.

The costs will be paid one-half by the plaintiff and one-half by defendant, respectively.

Modified and affirmed.