JOSEPH R. TYSER AND LUELLA TYSER v. EMERSON SEARS.

(Filed 24 February, 1960.)

Costs § 3—

.Where the court requires each side to deposit a designated sum with the referee to cover the cost of the reference, and in confirming the referee's report fixes the compensation of the referee and makes an allowance for the court reporter and surveyor, taxing these items as a part of the cost against plaintiff less the sum theretofore advanced by defendant, the order in effect is an apportionment of the cost and is within the discretionary power given the court by G.S. 6-21 (6).

APPEAL by defendant from *Morris, J.,* in Chambers in CURRITUCK on 14 August 1959.

Petitioners instituted this proceeding to establish the boundary between their land and the land of defendant. Defendant alleged he was the owner of the land claimed by him by deed and by adverse possession.

At the September Term, 1958 an order was entered reciting that the issue to be answered was the location of the dividing line. The court appointed a referee and directed each side to make a deposit to cover the cost of the reference. Pursuant to the order, respondent deposited the sum of $150 with the referee. The referee, after a hearing, made findings of fact and on these findings concluded the line was located as contended for by respondent.

Exceptions were filed by petitioners. Judge Morris heard the exceptions and confirmed the report. He directed the court surveyor to permanently mark the line as established by the referee. He fixed the compensation of the referee, made an allowance to the court reporter and surveyor, and directed these items "be taxed as a part of the costs against the plaintiff, less the sum of $150.00 heretofore advanced by Respondent. . ." Defendant excepted and appealed, asserting that he is entitled to recover the amount paid by him to the referee.

*E. Ray Etheridge and McMullan, Aydlett & White for defendant, appellant.*
*No counsel contra.*

PER CURIAM. The judgment in effect requires the respondent to pay $150 of the compensation allowed the referee. In so ordering, the court merely exercised a discretion given by statute, G.S. 6-21(6); *Cody v. England,* 221 N.C. 40, 19 S.E. 2d 10.

Affirmed.

252—3