ELIZABETH SLATER HOSKINS v. RICHARD THORNTON HOSKINS.

(Filed 14 June 1963.)

**1. Costs § 3—**

     In an action between husband and wife seeking specific performance of an agreement between them to "pool" their property and assets, to

declare a resulting trust, and for an accounting, the court has discretionary authority to apportion the costs, the action being equitable in nature, but the attorneys' fees of the respective parties in such instance do not come within the statutory or equitable exceptions to the general rule and may not be taxed as a part of the costs. G.S. 6-21, G.S. 6-21(2).

**2. Appeal and Error § 14—**

Where the judgment of the court below is modified and affirmed, the Supreme Court may apportion the costs on appeal between the parties in the exercise of its discretion. G.S. 6-33.

APPEAL by plaintiff from *Hobgood, J.,* November 12, 1962, Term of ALAMANCE.

Action to determine the ownership and use of certain properties and for an accounting.

Omitting details unnecessary to an understanding of the nature of the action, the complaint alleges in substance: Plaintiff and defendant are wife and husband and have separated. They formerly lived in New York, and while there agreed to pool their property and assets, each to own one-half, and except for joint checking accounts no property or money was to be removed from their joint control without the consent of both. They decided to move to Burlington, North Carolina. They sold a rooming house in New York and from the proceeds $7500 was placed in joint accounts in Savings and Loan Associations in North Carolina, and $10,000 was put in a safety deposit box listed in their joint names. 200 shares of McAndrews & Forbes stock and a note and mortgage in the amount of $2000 were also placed in the safety deposit box. They set up a joint checking account in a North Carolina bank. Defendant purchased three rental houses on Sidney Avenue in Burlington with plaintiff's money and took title in his own name, but later the title was made to plaintiff and defendant by the entireties. They own another house and lot on Elwood Street by the entireties. In violation of the agreement defendant has removed the deposits from the Savings and Loan accounts, the money from the joint checking account, the stock certificate, note and mortgage, and money from the safety deposit box, and he has all of these assets under his separate control. Defendant has collected rents, interest, dividends and other income and has failed to account therefor. Plaintiff is the sole owner of the three houses on Sidney Avenue; defendant holds one-half of all other property in trust for plaintiff; and plaintiff is entitled to an accounting. Plaintiff asks that a receiver be appointed.

Defendant, answering, avers: Plaintiff and defendant had a dispute over the construction of a home. Plaintiff is extravagant, and defend-

ant took control of the property and assets to preserve them. He collects rents, interest, dividends and other income and therefrom maintains the rental houses, pays all expenses and supports plaintiff. All property was acquired from defendant's earnings, and he has at all times furnished his wife adequate support.

There was an order of reference on 26 April 1961. There was a full hearing before the referee and the parties introduced evidence, including depositions taken in New York, tending to support their pleadings. The referee filed his report in July 1962, and defendant excepted thereto and tendered issues. On 12 November 1962 defendant withdrew his demand for a jury trial and agreed "that the Court . . . hear and pass upon all exceptions to the Referee's Report. . . ."

Judgment was entered on 12 November 1962 conforming in most particulars to the conclusions and recommendations of the referee. It was adjudged (numbering ours): (1) The real estate located on Sidney Avenue and Elwood Street is owned by the parties as tenants by the entireties; (2) the note and mortgage in the amount of $2000 is owned by the parties in equal right (provision is made for division thereof); (3) the certificate for the 200 shares of McAndrews & Forbes stock is to be surrendered and a certificate for 100 shares issued to each party; (4) defendant is not required to account for rents, interest, dividends and other income collected by him prior to the entry of this judgment, and he may continue to collect and use the rents from the real estate owned by the entireties; and (5) "the sum of $17,500.00 held by defendant . . . be applied and divided as follows:

"(a)   The balance owing upon Court costs accrued through this date in this action including Referee's fee shall be paid to the Clerk of this Court;

"(b)   To plaintiff or to the Clerk of this Court for use of plaintiff the sum of $2,058.38 as reimbursement for expenses incurred in this litigation;

"(c)   To the Clerk of this Court for the use of E. S. W. Dameron, Jr., and B. F. Wood, as attorneys for plaintiff, the sum of $1,000 for balance due said attorneys for services in this cause through this date;

"(d)   That $2,441.08 be retained by and awarded to defendant as reimbursement for expenses incurred in this litigation;

"(e)   To the Clerk of this Court for the use of Long, Ridge, Harris & Walker, as attorneys for defendant, the sum of $1,600.00

for balance due said attorneys for services in this cause through this date;

"(f)   That the balance of said $17,500 fund remaining after satisfying items (a) through (e) above be divided equally between plaintiff and defendant, and the one-half portion of said balance belonging to plaintiff shall be paid to the clerk of this Court for the use of plaintiff, with the defendant retaining his one-half portion of said balance."

The $2,058.38 expenses incurred and paid by plaintiff in connection with this litigation, for which reimbusement is ordered, consists of $1250 attorneys' fees, $306.38 for attorneys' fees and expenses in connection with depositions, $20 bond premiums, and $482 advanced for reference expenses.

The $2441.08 expenses incurred and paid by defendant in connection with this litigation, for which reimbursement is ordered, consists of $1335 attorneys' fees, $590.54 attorneys' fees and expenses in connection with depositions, $33.50 for exemplified copies of New York laws, and $482 advanced for reference expenses.

Plaintiff excepts to the order requiring payment of court costs, attorneys' fees and expenses from the $17,500 fund in the hands of defendant, and appeals.

*Blair L. Daily for plaintiff.*
*Long, Ridge, Harris & Walker for defendant.*

MOORE, J.   The inquiry on this appeal is whether the court below erred in taxing costs. The judgment directs the payment of all costs and attorneys' fees from the fund of $17,500 belonging to plaintiff and defendant in common, before division of the fund between them. Thus, the costs are apportioned between the parties, and attorneys' fees are made a part of the court costs.

The apportionment of the compensation for a referee and the court reporter employed by him is within the discretionary power given the court by G.S. 6-21(6). *Tyser v. Sears,* 252 N.C. 65, 112 S.E. 2d 750.

If an action is equitable in nature the taxing of the costs is within the discretion of the court, and the court may allow costs in favor of one party or the other, or require the parties to share the costs. *Chandler v. Cameron,* 229 N.C. 62, 47 S.E. 2d 528; *Kluttz v. Allison,* 214 N.C. 379, 199 S.E. 395; *Hare v. Hare,* 183 N.C. 419, 111 S.E. 620; *Yates v. Yates,* 170 N.C. 533, 87 S.E. 317. See G.S. 6-20. The exercise of this discretionary authority is not reviewable. *Parton v. Boyd,* 104

N.C. 422, 10 S.E. 490. Nothing to the contrary appearing, it will be taken that the court gave judgment as to costs in the exercise of this discretion. *Wooten v. Walters,* 110 N.C. 251, 259, 14 S.E. 734.

The case at bar is equitable in nature. The remedies sought are specific performance of an agreement between husband and wife to "pool" their property and assets, declaration of a resulting trust as to real estate, and an accounting. The jurisdiction of the chancery court is held to extend to disputes between husband and wife, such as a suit by a wife to secure her separate property. 19 Am. Jur., Equity, s. 175, p. 158. All of the items referred to in the judgment in the instant case as costs and expenses, except attorneys' fees, are allowable as costs, and it was within the discretion of the court to apportion them between the parties.

It was said in *Trust Co.. v. Schneider,* 235 N.C. 446, 454, 70 S.E. 2d 578, that "Except as otherwise provided by statute, G.S. 6-21, attorneys' fees are not now regarded as a part of the court costs in this jurisdiction." There are one or more exceptions to this rule. *Horner v. Chamber of Commerce,* 236 N.C. 96, 72 S.E. 2d 21; 31 N.C.L. Rev. 115. There is no statute authorizing the allowance of attorneys' fees as a part of the court costs in cases such as the one at bar, and this case does not come within the exceptions referred to.

In the types of cases enumerated in G.S. 6-21 attorneys' fees may be included as a part of the costs in such amounts as the court in its discretion determines and allows. Defendant contends that G.S. 6-21 (2) is apposite. It includes "any action or proceeding which may require the construction of any will or trust agreement, or fix the rights and duties of parties thereunder." The present case does not involve a trust agreement, and if there is a trust it arises out of the conduct of the defendant. None of the attorneys' fees incurred by plaintiff and defendant, for representation, taking of depositions or otherwise, are allowable as a part of the costs in this action.

The cause is remanded that the judgment be modified in accordance with this opinion.

The costs in the Supreme Court will be paid one-half by plaintiff and one-half by defendant. G.S. 6-33.

Modified and affirmed.