MARJORIE ANNE W. DILLON v. NORTH CAROLINA NATIONAL BANK AS EXECUTOR U/W OF JAMES PATRICK DILLON, AND AS TRUSTEE UNDER TRUST OF JAMES PATRICK DILLON, DECEASED

No. 6926SC477

(Filed 19 November 1969)

1. **Trusts § 6— discretionary powers of trustee — interests of minor beneficiaries — action by widow**

   In an action by plaintiff, a widow, against the trustee of a trust established by plaintiff's deceased husband for the benefit of his two minor daughters, the trial court properly found that the trustee did not abuse its discretionary powers under the trust instrument in refusing to pay one-half of the mortgage debt on property owned by plaintiff as the surviving tenant by the entireties, notwithstanding the trustee was granted discretionary power to satisfy any debts and expenses of the estate, including mortgages, and the trustee did pay numerous small debts of the estate, since it appeared from the record that the trustee's refusal to pay was an honest effort, based upon reasonable judgment, to protect the minor beneficiaries.

2. **Trusts § 6— discretion of trustee — abuse of powers**

   The courts may not control a trustee in the exercise of discretionary powers except to prevent an abuse of those powers.

3. **Costs § 3; Declaratory Judgment Act § 2— taxing of costs — discretion of court — trust action — declaratory judgment**

   In a declaratory judgment action by plaintiff, a widow, against the trustee of a trust established by plaintiff's deceased husband for the benefit of his two minor daughters, in which action the plaintiff unsuccessfully sought to compel the trustee to pay one-half of a mortgage debt on survivorship property, the trial court did not err in taxing all costs, with the exception of attorneys' fees, against the plaintiff. G.S. 1-263, G.S. 6-21(2).

APPEAL by plaintiff from *Clarkson, J.,* 5 May 1969 Session of MECKLENBURG Superior Court.

This is a proceeding initiated pursuant to Chapter 1, Article 26 of the North Carolina General Statutes, entitled "Declaratory Judgment". Plaintiff seeks to have paid by the defendant as executor of the decedent's estate or as trustee of a trust established by decedent for the benefit of his two minor daughters, Mary Anne and Kathleen Patrice Dillon, one-half the outstanding balance due on a note executed by plaintiff and her deceased husband, James Patrick Dillon, secured by a deed of trust conveying lands held by them as tenants by the entirety.

Based on the stipulations of the parties, argument of counsel and consideration of the evidence the judge found, *inter alia,* the follow-

ing facts: that plaintiff was the widow of the decedent and the mother of the two minor daughters; that decedent's last will and testament was offered for probate and is recorded in the office of the Clerk of Superior Court; that the trust agreement referred to in the last will and testament was stipulated into the record by the parties; that at the time of decedent's death, he and plaintiff owned as tenants by the entirety certain real estate in Mecklenburg County, North Carolina; that at the time of decedent's death the sum of $10,298.31 was the outstanding balance due and owing on a note secured by a deed of trust executed by plaintiff and decedent; that plaintiff took title to the real estate under the rights of survivorship of a tenancy by the entirety on the death of her husband; that defendant as trustee under the trust agreement collected proceeds on certain life insurance policies on the life of decedent in the total amount of $41,190.27; that the total value of decedent's estate was $1,977.96; that defendant, after qualifying as executor, paid estate debts totaling $1,752.83 out of estate funds; that thereafter, pursuant to law, defendant as executor paid plaintiff the statutory widow's allowance totaling $1,600.00, $916.00 of this total being in cash and $684.00 being in personal property of that value; that thereafter defendant as trustee paid a total of $1,546.92 to the decedent's estate for the satisfaction of estate liabilities; that plaintiff made demand on defendant as executor to pay one-half of the mortgage debt and that defendant refused because the estate did not have sufficient funds to pay the debt; that plaintiff made the same demand on defendant as trustee but that defendant, in the exercise of its discretion, refused to pay on the ground that the principal function of the trust is the support, maintenance and education of the trust beneficiaries and that payment of the debt as demanded by plaintiff would not be consistent with defendant's duties as trustee; that after the death of decedent, defendant as trustee offered to purchase the house and real estate with trust proceeds, the purchase price offered being the balance due on the mortgage, but that plaintiff rejected the offer; that the property in question was appraised as having a value of $15,500.00 as of the date of decedent's death and that one-half of the mortgage debt was a just and proper debt of the decedent's estate.

Based on these findings of facts the court made the following conclusions of law:

"1.  That the decision of whether to pay or not to pay one-half the mortgage debt referred to in Plaintiff's Complaint is within the discretionary authority of the Defendant in its capacity as Trustee.

2.  The refusal by the Defendant, in its capacity as Trustee, to pay one-half the mortgage debt referred to in the Complaint was a discretionary act on the part of said Trustee, and said refusal was not an abuse of the Trustee's discretion, nor has the Trustee acted arbitrarily or unreasonably.

3.  The payment of some estate liabilities and debts by the Defendant in the exercise of its discretion as Trustee does not obligate the Defendant, as Trustee, to pay one-half of the mortgage debt referred to in the Complaint."

The court then ordered that plaintiff was not entitled to have defendant, as trustee, pay one-half the mortgage debt, that her action be dismissed and that, in the discretion of the court, all costs except attorneys' fees be taxed against the plaintiff, with the court retaining jurisdiction over attorneys' fees until final disposition of the case.

*Clayton, Lane and Helms, by Thomas G. Lane, Jr., for plaintiff appellant.*

*Palmer, Jonas and Mullins, by Michael P. Mullins, for defendant appellee.*

MORRIS, J.

[1]  Plaintiff raises two questions on appeal: whether defendant as trustee abused its discretionary powers and whether the court erred in taxing all costs against the plaintiff. Plaintiff concedes in her brief that defendant as trustee was given discretionary powers under the terms of the trust agreement, but contends that defendant abused this discretion in refusing to pay one-half of the mortgage debt. The trust instrument clearly vests the trustee with discretionary powers in the administration of the trust and specifically grants the trustee discretionary power to transfer to the estate "sufficient funds or property to pay or satisfy any debts, . . . including (but not limited to) mortgages, debts, testamentary expenses and all costs and expenses incident to the administration and settlement of his estate . . ."

[1, 2]  In the light of this language and the fact that defendant as trustee transferred $1,546.92 to the decedent's estate to pay numerous outstanding, and relatively small, debts of the estate, plaintiff contends that it was an abuse of discretion for defendant to refuse to pay one-half of the mortgage debt. We agree with the trial court that the discretionary payment of these estate liabilities did not obligate the defendant, as trustee, to pay $5,149.15 to satisfy

one-half of the mortgage debt. It is settled law that the courts may not control a trustee in the exercise of discretionary powers except to prevent an abuse of those powers. *Woodard v. Mordecai,* 234 N.C. 463, 67 S.E. 2d 639 (1951).

> "The trustee abuses his discretion in exercising or failing to exercise a discretionary power if he acts dishonestly, or if he acts with an improper even though not a dishonest motive, or if he fails to use his judgment, or if he acts beyond the bounds of a reasonable judgment." Id. at 471, 67 S.E. 2d at 644.

Applying this test, we find nothing in the record before us which would indicate that the trustee has acted dishonestly, or with an improper motive, or beyond the bounds of a reasonable judgment. On the contrary, it appears that the decision of the trustee to refuse to pay one-half the balance due when requested to do so by plaintiff was the result of an honest effort, based upon reasonable judgment, to protect the interests of the beneficiaries of the trust — the two minor daughters of decedent.

[3]   The court did not commit error in taxing all costs, with the exception of attorneys' fees, against the plaintiff. *Hoskins v. Hoskins,* 259 N.C. 704, 131 S.E. 2d 326 (1963). G.S. 1-263 permits the court, in a proceeding under the Declaratory Judgments Act, to make such an award of costs as may seem equitable and just. G.S. 6-21(2) grants the court discretion to tax costs against either party in proceedings which require construction of a will or trust agreement.

For the reasons herein stated the judgment is

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.