CONNIE S. TRUE AND DAVID R. TRUE, SR. v. T & W TEXTILE MACHINERY, INC. AND WALTER REUBIN PITTS

No. 9226SC633

(Filed 19 October 1993)

**Costs § 11 (NCI4th) — settlement offer — multiple parties, independent claims — not sufficient to invoke Rule 68 — court's discretionary authority**

A settlement offer of $25,000 was not sufficient to invoke the charging of costs under N.C.G.S. § 1A-1, Rule 68, but the court did have the discretionary authority to award costs under N.C.G.S. § 6-20, where plaintiff Mrs. True was injured in an automobile accident with defendant; the plaintiffs filed a single suit claiming personal injuries for Mrs. True and loss of consortium for Mr. True; defendants filed an offer of judg-

ment under N.C.G.S. § 1A-1, Rule 68 of $25,000, which plaintiffs rejected; the jury returned a verdict of $22,000 on the personal injury claim and $1.00 on the loss of consortium claim; and the court ordered plaintiffs to pay court costs. When multiple plaintiffs in the same complaint have independent claims for relief, an offer of judgment can be valid only if it is specific as to the offer made to each plaintiff. However, the trial court did have full authority to tax costs to plaintiffs through its discretionary powers pursuant to N.C.G.S. § 6-20, the order indicates that the court exercised its discretion in denying the motion, and there is nothing in the record to reflect an abuse of discretion.

**Am Jur 2d, Costs § 24.**

Appeal by plaintiffs from judgment entered 9 April 1992 by Judge Robert M. Burroughs in Mecklenburg County Superior Court. Heard in the Court of Appeals 13 May 1993.

*Richard F. Harris, III, for plaintiffs-appellants.*

*Hedrick, Eatman, Gardner & Kincheloe, by John P. Barringer, for defendants-appellees.*

WYNN, Judge.

This appeal and the underlying lawsuit arise out of an automobile accident which occurred in Charlotte, N.C. on 5 April 1988. Plaintiff, Connie S. True was involved in a collision with defendant, Walter Reubin Pitts. Pitts was driving a vehicle during the course and scope of his employment with defendant T & W Textile Machinery, Inc. On 10 May 1990, plaintiffs (True and her husband) filed a single suit against the defendants. The first claim was for the personal injuries of Mrs. True and the second claim alleged loss of consortium on Mr. True's behalf. Defendants timely filed an answer and subsequently filed an offer of judgment pursuant to Rule 68 of the North Carolina Rules of Civil Procedure, in the amount of $15,500. On 11 February 1992, defendants filed a second offer of judgment in the amount of $25,000. Plaintiffs refused the offers. The case was tried to a jury and the jury returned a verdict of $22,000 on the personal injury claim and $1.00 on the loss of consortium claim. Plaintiffs thereafter filed a motion to tax costs to defendants. The trial judge denied plaintiffs' motion and entered judgment ordering the defendants to pay the filing fee of $56 and

the $22,001 in accordance with the jury verdict plus interest from the date the complaint was filed through 11 February 1992, the date the second offer of judgment was filed. The trial judge ordered plaintiffs to pay court costs, including expert witness fees of $3,965 and $95 in subpoenas. From the entry of judgment, plaintiffs appeal.

## I.

Plaintiffs' sole assignment of error on appeal alleges that the trial judge erred by denying their motion to tax costs to defendants. Plaintiffs allege that the offer of judgment for $25,000 was insufficient to invoke N.C. Gen. Stat. § 1A-1, Rule 68, because the offer did not specify how much of the $25,000 was being offered on each of the plaintiffs' two separate claims. We agree.

Pursuant to Rule 68(a), "a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him . . . ." If an offer to allow judgment is not accepted, and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." N.C. Gen. Stat. § 1A-1, Rule 68(a) (1990). *See Scallon v. Hooper*, 58 N.C. App. 551, 293 S.E.2d 843, *disc. rev. denied*, 306 N.C. 744, 295 S.E.2d 480 (1982). "The purpose of Rule 68 is to encourage settlements and avoid protracted litigation." *Id.* at 554, 293 S.E.2d at 844.

In this case, however, defendants made a nonspecific offer for both plaintiffs to take judgment against defendants for a total sum of $25,000. This procedure may be appropriate when multiple plaintiffs are joined in one claim for relief. When, however, multiple plaintiffs in the same complaint have independent claims for relief, as in this case, an offer of judgment can be valid only if it is specific as to the offer made to each plaintiff. A party wishing to accept the offer should not be barred from doing so, and thus subject himself to penalties under Rule 68, just because the other party will not accept. This is exactly the position in which each plaintiff was placed in this case. We, therefore, find that under the facts of this case, the trial court did not have authority under Rule 68 to tax costs to the plaintiffs.

However, the trial court did have full authority to tax costs to plaintiffs through its discretionary powers, pursuant to N.C. Gen. Stat. § 6-20. N.C. Gen. Stat. § 6-20 (1986) provides that in actions such as this one, "costs may be allowed or not, in the

discretion of the court, unless otherwise provided by law." Where the court has taxed costs in a discretionary manner its decision is not reviewable. *Dixon, Odom & Co. v. Sledge*, 59 N.C. App. 280, 286, 296 S.E.2d 512, 516 (1982) (*citing Hoskins v. Hoskins*, 259 N.C. 704, 131 S.E.2d 326 (1963)). Furthermore, N.C. Gen. Stat. § 7A-314(d) (1989) specifically provides that the decision to award expert witness fees lies within the trial court's discretion. *See, e.g., Campbell ex rel. McMillan v. Pitt County Memorial Hosp., Inc.*, 84 N.C. App. 314, 352 S.E.2d 902, *aff'd*, 321 N.C. 260, 362 S.E.2d 273 (1987).

In this case, the trial court's order denying plaintiffs' motion to tax costs to defendants states: "the court has considered the law and equity of the situation as well as the relevant material in the official court file and finds that the plaintiffs' motion should be denied." The order indicates that the court exercised its discretion in denying the motion. There is nothing in the record to reflect an abuse of discretion. Accordingly, the trial court's order denying plaintiffs' motion to tax costs to defendants and final judgment is

Affirmed.

Judges JOHNSON and GREENE concur.