Bonnie TOCWISH, et al., Plaintiffs,

v.

Deputy Chief Ronald JABLON, et al., Defendants.

No. 97 C 6098.

United States District Court, N.D. Illinois, Eastern Division.

Oct. 30, 1998.

Jeffrey H. Haas, Timothy Richard Lohraff, People's Law Offices, Chicago, IL, for plaintiffs.

Thomas R. Samson, Diane M. Pezanoski, City of Chicago, Law Department Corporation Counsel, Chicago, IL, Liza Marie Franklin, City of Chicago, Department of Law, Chicago, IL, Josh Michael Engquist, City of Chicago, Department of Law, Chicago, IL, for Ronald Jablon, Deputy Chief, Star # 178, Frank Radke, Deputy Chief, Star # 117, Francis McCarthy, Lieutenant, Star # 555.

Liza Marie Franklin, City of Chicago, Department of Law, Chicago, IL, Josh Michael Engquist, City of Chicago, Department of Law, Chicago, IL, for Thomas Folliard, Commander, Star # 214.

Arlene Esther Martin, City of Chicago, Law Department Corporation Counsel, Chicago, IL, Robert W. Barber, Joseph M. Polick, City of Chicago, Department of Law, Chicago, IL, for Thomas Glynn, Star # 11164, Linda Dixon, Star # 2752, Patrick Golden, Star # 5363, Brian McKendry, Star # 10599, Alfred Thome, Star # 15587, Patrick Foley, Detective, Star # 20143.

Brian L. Crowe, Sharon Baldwin, City of Chicago, Law Department Corporation Counsel, Chicago, IL, for City of Chicago.

## MEMORANDUM OPINION AND ORDER

ZAGEL, District Judge.

The Defendants in this § 1983 action have made an offer of judgment pursuant to Fed. R.Civ.P. ("Rule 68")[1] and have conditioned this offer upon the Plaintiffs' unanimous acceptance. The parties' contractual provision reads, "This offer must be jointly accepted by all plaintiffs against all defendants. Acceptance of this offer of judgment by fewer than all plaintiffs, or against fewer than all defendants, shall be deemed a rejection of this offer." Only three of the seven Plaintiffs have accepted the offer, and these litigants now move for entry of final judgment against the Defendants, claiming that they have accepted the Defendants' offer. The Defendants, for their part, want Rule 68 to bind all of the Plaintiffs to its penalty provision, even those that attempted to accept the offer. In the alternative, both parties ask that I void the offer of judgment for purposes of Rule 68. This alternative is the one I adopt, although with less than utter certainty as to its rightness.

The validity of a Rule 68 offer of judgment that requires the unanimous acceptance of multiple plaintiffs is an issue of first impression in this Circuit.[2] Traditional contract principles generally govern whether an offer is proper under Rule 68. *See Webb v. James,* 147 F.3d 617, 620 (7th Cir.1998). Under these principles, conditional offers are valid and may be accepted only by accepting the offer as a whole with no additional terms. *See Dawson v. General Motors Corp.,* 977 F.2d 369, 374 (7th Cir.1992) (noting that a purported acceptance containing additional terms is treated as a counteroffer, not as an acceptance). The Plaintiffs who accepted the Defendants' offer want their money, but

---

1. Rule 68 provides that, if a plaintiff fails to accept a pretrial offer and his final judgment is less than the defendant's original offer, the plaintiff must pay the costs incurred after the making of the offer and forego the recovery of his costs.

2. Other federal courts have held that indefinite, lump sum offers to multiple plaintiffs are invalid for Rule 68 purposes because a lump sum payment to all of the plaintiffs gives no measure of damages to compare to those awarded at trial. *See, e.g., Gavoni v. Dobbs Houses, Inc.,* 1997 WL 639052 at *3 (N.D.Ill. Oct. 3, 1997).

nothing in the policy which underlies Rule 68 precludes a defendant from making and insisting on an all or nothing offer of judgment. There is no reason to bypass ordinary contract principles and create an agreement that, at least one party, has neither will to make or did make. Thus, under traditional contractual principles, the Plaintiffs have failed to accept the Defendants' offer because they did not accept it in its entirety, and they all remain in the case. The following questions, however, remain: Does Rule 68 require us to rewrite the contract in any respect? Can the Plaintiff who accepted the offer force the Defendants to pay them? Can the Defendants invoke their right to costs (and other penalties) against the specific Plaintiffs who refused the money?

■ Defendants note that in the one federal case to decide the penalty issue, the Ninth Circuit found that a Rule 68 offer conditioned on unanimous acceptance by multiple plaintiffs validly invoked the Rule's penalty provision. *See Lang v. Gates*, 36 F.3d 73, 75 (9th Cir.1994). The *Lang* court, in considering the facts before them, found no reason to depart from the principles that have "long recognized" conditional offers as valid. It was particularly concerned that the plaintiffs, a husband and a wife, might collude to circumvent Rule 68's penalty provision. *Id.*

The Plaintiffs attempt to distinguish *Lang* by arguing that none of that court's concerns apply to the facts of this case. They argue that they do not have the kind of presumptively collusive relationship as did the husband and wife in *Lang*, that they have not switched votes (as the Langs did) in order to position each other to avoid the potential consequences of rejecting a Rule 68 offer, and that good reasons exist to depart from basic contract principles in determining the applicability of Rule 68 to plaintiffs who decline acceptance. I agree with the Plaintiffs on all three points.

The Plaintiffs claim that they have legitimately valued their claim differently from the Defendants. There is no evidence in the record that the Plaintiffs have acted collusively in splitting their acceptances and refusals. Unlike the husband and wife in *Lang*, the Plaintiffs do not have close legal or financial relationships, nor do they share the *Lang* plaintiffs' history of vote swapping.[3]

Moreover, the court in *Lang* did not face the potential unfairness to the multiple plaintiffs and abuse of the rule by the defense that is at issue here. *See Lang*, 36 F.3d at 74 (omitting from its discussion the effect on plaintiffs or the possibility of abuse by the defendants). Some state courts, which have adopted the federal rules, say that offers of judgment are severable with regard to each plaintiff because "a party wishing to accept the offer should not be barred from doing so, and thus subject himself to penalties under Rule 68, just because the other party will not accept." *True v. T & W Textile Machinery, Inc.*, 112 N.C.App. 358, 435 S.E.2d 551, 552 (N.C.Ct.App.1993). *See generally Brinkerhoff v. Swearingen Aviation Corp.*, 663 P.2d 937, 942 (Alaska 1983) (holding that problems of apportionment warranted a general exclusion of joint offers from the penal provision of its Rule 68).

Just as the *Lang* court found that plaintiffs may abuse Rule 68 by acting collusively, a defendant may use a unanimous acceptance provision in a Rule 68 offer to his tactical advantage. In order to do so, a defendant facing multiple plaintiffs would merely have to offer all but one of them reasonable settlements and make the remaining plaintiff an unacceptable offer. By conditioning acceptance of the judgment on the plaintiffs' unanimous agreement, a defendant could insure that at least one of the Plaintiffs would refuse. This refusal would subject all of them, including those who were willing to accept the offer of judgment, to the rule's penalty provision. The Plaintiffs argue that this is the case here. They say that the Defendants knew that Tocwish would refuse to settle because she highly values her claim, and her refusal would bar the remaining Plaintiffs from recovering their costs if they won less at trial than the Defendants offered them.

**3.** Two of the Plaintiffs, Tocwish and Macdonald, do live together. However, both have refused the offer, negating any presumption of collusion.

The tactical inequity that this application of Rule 68 creates leaves me with two reasonable alternatives. First, I could hold only the four Plaintiffs who refused the agreement potentially liable for part, or all, of the Defendants' costs. Second, I could find that the agreement as a whole was invalid for purposes of invoking Rule 68's penalty provisions because it was conditioned on unanimous acceptance by multiple plaintiffs. I find that the second option, invalidating the offer for purposes of invoking Rule 68's penalty provision, is the most judicially expedient; it is easier to administer and it does less to encourage strategics by either side than holding the four refusing Plaintiffs to Rule 68's penalty provision.[4]

I find the Defendants' conditional offer invalid for purposes of Rule 68's penalty provision; in essence, I rewrite the Defendants' offer of judgment to read that failure of all Plaintiffs to accept it renders it, not rejected, but void.

---

**4.** I do not, however, hold that such an offer automatically renders Rule 68 inapplicable. Facts could arise, as in *Lang,* 36 F.3d 73, that mandate application of Rule 68 to the refusal of an offer to multiple plaintiffs conditioned on their unanimous acceptance.